HARDY, Judge.
Plaintiff brought this suit praying judgment for an unpaid balance of $240 on a chattel mortgage note executed by defendant, together with recognition of its vendor’s lien and privilege and chattel mortgage. After trial there was judgment in favor of plaintiff, from which defendant has appealed.
On April 29, 1953, defendant, Crawford, purchased a used car from one E. J. Davidson and executed his note in the principal sum of $320.40, representing the credit portion of the purchase price, which note was secured by a vendor’s lien and chattel mortgage. Plaintiff purchased the note from Davidson and alleges that it is the bona fide holder and owner thereof.
The defendant resists plaintiff’s demand on the ground that he surrendered thé mortgaged automobile to plaintiff’s agent, one J. H. Scoggins, upon the representation that such surrender of possession would be accepted as a release of the indebtedness for the unpaid balance on the note. To this effect the defendant testified.
Plaintiff introduced in evidence a written release admittedly signed by the defendant, the printed form of which release specifically provided that the described automobile was delivered to plaintiff in pledge in consideration of an extension of time within which to make payment of the note. The extension form contained the provision that plaintiff was authorized to sell the described vehicle at public or private - sale without court proceedings or further notice, together' with other agreements, with none of which, however, we are here concerned.
Plaintiff contends that the agreement was executed by defendant with full knowledge and understanding as to its contents and that it was entirely filled in in the presence of and at the time, of execution by the defendant. Scoggins, the agent of plaintiff in the transaction who procured defendant’s signature, testified to these facts.
It is quite clear from the record that Scoggins’ testimony is so evasive and contradictory as to be unworthy of belief. The testimony of this witness in itself raises question as to its truthfulness. The instrument in question appears to indicate clearly on its face that it was not filled out in the same handwriting, despite the testimony of the witness Scoggins.
In addition to Scoggins the defendant’s signature was attested by another witness who signed as “Inez Butler”. After first testifying that he did not know Inez |Butler and that she was not present at the time, Scoggins changed his testimony and swore that Inez Butler was a negro woman who was present in defendant’s house at the time of the execution of the instrument and who signed the same then as a witness to defendant’s signature. This contradictory testimony was 'so marked and its effect upon *338 the veracity of the witness was so important that the district judge took over the examination of the witness and at one point, after repeated warnings, informed the witness that he intended to have an investigation made by the district attorney.
It can only be concluded that our learned brother of the district court felt impelled to accept the printed terms of the written release executed by the defendant, even over defendant’s testimony and his specific denial of an understanding of the terms of the agreement. While it may well be that this evaluation of the testimony should be accepted, we do not feel that we are justified in pronouncing judgment in the case on the record as it presently exists. In our opinion the validity of the testimony of the witness Scoggins may be ascertained by an examination of Inez Butler. The record discloses the fact that an Inez Butler is employed in the office of the plaintiff. If she signed the extension agreement as a witness to Crawford’s signature then without question the testimony of Scoggins on this important detail is absolutely false, and it follows in such instance that his sworn testimony as to the facts involved should be deemed unworthy of belief.
Under the provisions of Article 906 of the Code of Practice appellate tribunals are authorized to remand a cause to the lower court with instructions as to testimony which shall be received. In the interest of absolute justicé as between the parties we feel that this procedure should be followed in the instant case. '
For the reasons assigned it is ordered that this case be and it is hereby remanded to the Honorable the Fourth Judicial District Court in and for the Parish of Ouach-ita, State of Louisiana, with instructions that the same be re-opened for the purpose of reviewing the testimony of the Inez Butler who is, or was at the time of original trial, employed by plaintiff.
It is further ordered that the said named witness be examined with respect to the following points:
(a). As to whether the signature of Inez Butler which is affixed to the extension agreement, identified as Exhibit D-3 in the record of this suit, is her signature; and
(b). If so, where and when and under what circumstances and conditions she so affixed her signature as a witness; and
(c). Whether she was present and actually witnessed, by affixing her signature, the signature of the defendant, Ben Crawford.
It is further ordered that after proceedings taken in conformity with the above instructions this appeal then be returned to this court forthwith for adjudication.
All costs are to await final determination of this appeal.