HARDY, Judge.
This appeal by defendant from an adverse judgment has been before this court on a previous occasion, at which time it was remanded to the lower court with instructions; Motors Securities Co., Inc. v. Ben Crawford, La.App., 76 So.2d 336.
The facts involved are set forth in the opinion of the court in the case cited supra. After remand, the testimony of Inez Butler, one of the witnesses to the alleged execution by defendant of the written release upon which plaintiff largely relies, was taken pursuant to the instructions of this court, and the matter has now been returned for disposition of the appeal.
The testimony of Inez Butler establishes the fact that she was not present at the time o-f the execution of the alleged release and extension agreement by the defendant, and we regard this fact as being vitally important inasmuch as it definitely and con *304 clusively discredits the testimony of plaintiff’s agent, J. H. Scoggins, who was in sole and complete charge of the negotiations with defendant with reference to the surrender of the automobile. The effect of the elimination of Scoggins’ testimony as having no probative value whatsoever is to turn the balance of the weight of the testimony adduced on trial in favor of defendant’s contention that he surrendered the automobile upon the representation of plaintiff’s agent, Scoggins, that such, surrender of possession would effect the release of his indebtedness for the unpaid balance on the note sued upon.
Before this court counsel for plaintiff continues to urge that the evidence still preponderates in favor of plaintiff’s denial of defendant’s claim of release. We do not think the record justifies this conclusion. The written instrument itself is ineffective because, as pointed out in our first opinion, the face of the document itself clearly evidences the fact that it was not properly filled out at the time the defendant’s signature was affixed. Counsel further points to the testimony of one E. J. Davidson, a witness for plaintiff, to the effect that defendant admitted his indebtedness to plaintiff at a time subsequent to the execution of the so-called extension agreement. We do not think the testimony of the witness, Davidson, is at all convincing on this point. Davidson was the used car dealer who had originally sold the automobile to defendant and was the endorser, with recourse, upon defendant’s note. His testimony is too vague and uncertain as to the circumstances of defendant’s purported admission to overcome the latter’s definite and consistent denial.
Careful examination of the record relating to the circumstances surrounding the transaction between defendant and Scoggins involving the delivery of the automobile and the title papers in connection therewith by defendant, and further consideration of the effect of Scoggins’ false and discredited testimony convinces.us that the district judge was manifestly in error in his finding of facts. It follows that the judgment should be reversed.
In view of our conclusion it is obvious that the surrender of the automobile in consideration of a release of defendant’s indebtedness on the chattel mortgage note serves to vest title to the mortgaged property in plaintiff, and, as a result, it is unnecessary to burden the judgment in this case with a recognition of plaintiff’s lien and privilege.
For the reasons assigned the judgment appealed from is reversed and set aside and there is now judgment in favor of defendant, Ben Crawford, and against the Motor Securities Company, Inc., rejecting plaintiff’s demands at its cost.